No. 92–6083. CRIPPEN v. UNITED STATES. C. A. 9th Cir. Certiorari denied.

No. 92–6084. TRAVIS v. UNITED STATES. C. A. 8th Cir. Certiorari denied.

No. 92–6097. FRANCIS v. UNITED STATES. C. A. 10th Cir. Certiorari denied.

No. 91–2075. ST. GELAIS v. UNITED STATES. C. A. 5th Cir. Certiorari denied. JUSTICE WHITE would grant certiorari.

No. 92–205. GROSS v. UNITED STATES. C. A. 3d Cir. Certiorari denied. JUSTICE WHITE would grant certiorari.

No. 92–209. STEEN v. THOMPSON, INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR THOMPSON, A MINOR, ET AL. C. A. 9th Cir. Certiorari denied. JUSTICE WHITE would grant certiorari.

No. 92–433. SEARS, ROEBUCK & CO. v. BARATTINI. C. A. 5th Cir. Certiorari denied. JUSTICE WHITE would grant certiorari.

No. 92–452. COMMISSIONER OF INTERNAL REVENUE v. POWELL ET UX. C. A. 4th Cir. Certiorari denied. JUSTICE WHITE would grant certiorari.

No. 92–202. RANDOLPH CENTRAL SCHOOL DISTRICT v. ALDRICH. C. A. 2d Cir. Certiorari denied.

JUSTICE WHITE, with whom THE CHIEF JUSTICE and JUSTICE O'CONNOR join, dissenting.

This case presents the question whether, under the federal Equal Pay Act, an employer seeking to establish the factor-other-than-sex defense must prove that the factor is supported by a legitimate business-related reason.

In this case, the Court of Appeals for the Second Circuit held that an employer cannot meet the burden of proving this defense by asserting use of a gender-neutral classification system without more. 963 F. 2d 520, 525 (1992). Rather, the court below held, an employer bears the burden of proving that a bona fide